IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TERRELL NEWMAN,

        Petitioner,

vs.

SCOTT R. FRAKES,

        Respondent.

8:22CV22

MEMORANDUM AND ORDER

This matter is before the court on the Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner, by and through his counsel, on August 12, 2022. (Filing 18.)[1] Condensed and summarized as the court understands them, the petition, as amended, asserts the following claims:

> Claim One:     Petitioner's conviction was obtained using an unduly suggestive eyewitness identification.
>
> Claim Two:     The district court erred in denying the Petitioner's request to admit exculpatory hearsay evidence.

---

[1] Under the court's local rules, a party seeking to file an amended pleading should file a motion with an unsigned copy of the proposed pleading attached to the motion. NECivR 15.1(a). Counsel for Petitioner did not follow this procedure, instead filing the Amended Petition alone. Federal Rule of Civil Procedure 15(a)(2), which applies to federal habeas corpus proceedings, *see* Fed. R. Civ. P. 81(a)(4), provides that, where a party may not amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Given that both counsel for Respondent and the court understood that Petitioner's counsel intended to amend the habeas petition, the court will forgo the requirements of NECivR 15.1 in this instance. *See* NEGenR1.1(c) ("Notwithstanding contrary authority, in the interest of justice a judge may deviate from this court's rules or procedures.")

8:22-cv-00022-RGK-PRSE Doc # 19 Filed: 08/19/22 Page 2 of 3 - Page ID # 4597

Claim Three:  The district court erred when it limited Trial Counsel's scope of cross-examination against one of the prosecution's witnesses.

Claim Four:  Petitioner was denied effective assistance of counsel when trial counsel failed to investigate Petitioner's alibi defense.

Claim Five:  The district court erred in denying Petitioner postconviction relief on the basis of an alibi defense.

Claim Six:  Petitioner was denied effective assistance of trial counsel because trial counsel, appellate counsel, and postconviction counsel all failed to request additional DNA testing or object to the admission of inconclusive DNA testing results.

In light of the amendments, the progression of this matter, (*see* filing 8), is revised as set forth below.

IT IS THEREFORE ORDERED that:

1. By **September 19, 2022**, Respondent shall file an answer to the amended petition along with a separate brief and any additional relevant state court records, if necessary. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **September 19, 2022**: deadline for Respondent to file answer and separate brief.

2. After Respondent files an answer and brief, Petitioner shall have 30 days to file and serve a brief in response.

2

8:22-cv-00022-RGK-PRSE Doc # 19 Filed: 08/19/22 Page 3 of 3 - Page ID # 4598

3. Respondent shall have 30 days after Petitioner's brief is filed to file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

Dated this 19th day of August, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge