IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRELL NEWMAN, <br><br> Petitioner, <br><br> vs. <br><br> ROB JEFFREYS, <br><br> Respondent. | 8:22CV22 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on several motions filed by Petitioner Terrell Newman after the Court granted Petitioner's retained counsel, Jim McGough, leave to withdraw and gave Petitioner time to file a supplemental brief. *See* Filing No. 32. As explained below, the Court concludes replacement counsel should be appointed in this matter and additional time given for Petitioner to submit supplemental briefing and present all his habeas claims.

**I.  BACKGROUND**

Petitioner filed his Petition on January 19, 2022, challenging his convictions for two counts of first degree murder, three counts of use of a deadly weapon to commit a felony, attempted intentional manslaughter, and possession of a deadly weapon by a prohibited person for which he received, inter alia, consecutive terms of life imprisonment. Filing No. 1; *see also* Filing No. 20 at 1, ¶¶ 2–3. Petitioner retained Mr. McGough to represent him in this habeas proceeding, Filing No. 10; Filing No. 30 at 1, ¶ 1, and Mr. McGough, on behalf of Petitioner, filed an Amended Petition, Filing No. 18, and a brief, Filing No. 25, in response to Respondent's answer, Filing No. 20, and supporting brief, Filing No. 21. The parties' briefing was completed on December 8,

2022. On November 17, 2023, Petitioner filed a pro se Motion for Leave to File Replacement or Supplemental Brief ("Motion to File Brief") asserting that Mr. McGough had abandoned some of Petitioner's habeas claims in Petitioner's brief without Petitioner's prior approval and seeking leave to file a replacement or supplemental brief in support of his habeas claims. Filing No. 30. On December 4, 2023, Mr. McGough filed a motion to withdraw stating there had been a breakdown of the attorney-client relationship necessitating his withdrawal and cited to Petitioner's pro se Motion to File Brief as evidence of this breakdown. Filing No. 31. The Court granted Mr. McGough's motion to withdraw on December 15, 2023, and also granted Petitioner leave to file a supplemental brief within 30 days. Filing No. 32.

On December 18, 2023, Petitioner filed an Objection and Motion to Deny Withdrawal of Counsel, Filing No. 33, asking the Court to deny Mr. McGough's motion to withdraw because Petitioner only wanted Mr. McGough to file a supplemental brief addressing all of Petitioner's claims. Alternatively, if the Court permitted Mr. McGough to withdraw, Petitioner asked the Court to appoint the Federal Public Defender as replacement counsel and attached an affidavit showing he is indigent. *See Id*. at 4–5. Respondent filed a brief in opposition to Petitioner's request for replacement counsel. Filing No. 34. On January 24, 2024, Petitioner filed a Motion for Extension of Time to File his Supplemental Brief, Filing No. 35, and an Objection and Renewed Motion to Appoint Counsel, Filing No. 36, in which he objected to Respondent's brief in opposition and renewed his request for the appointment of replacement counsel. Petitioner asserts that he is unable to present his claims or draft an acceptable supplemental brief on his own as he received assistance from a legal aide in drafting his prior pro se

pleadings but that legal aide will no longer be available to assist him. *Id*. at 3–4, ¶¶ 12, 17. Additionally, Petitioner states his family hired Mr. McGough to represent him, but neither Petitioner nor his family can afford to hire another attorney. *Id*. at 3, ¶ 14. On June 24, 2024, Petitioner again renewed his request for the appointment of counsel. Filing No. 37.

Finally, on August 5, 2024, Petitioner filed a Motion to Amend Petition for Writ of Habeas Corpus ("Motion to Amend"), Filing No. 38, and a Motion to Extend Time to File Amended Petition, Filing No. 39. In his Motion to Amend, Petitioner asks for "another opportunity" to amend his petition to "set forth cognizable claims" but does not identify what claims he seeks to bring. Filing No. 38 (capitalization omitted).

## II.  DISCUSSION

Petitioner seeks the appointment of replacement counsel to assist him in presenting all his habeas claims to this Court. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). Here, Petitioner was convicted of, *inter alia*, first degree murder and sentenced to life in

3

prison. Petitioner represents that his retained counsel failed to brief and present all of Petitioner's habeas claims, that Petitioner lacks the ability to present his claims or file an acceptable supplemental brief as he no longer has the assistance of the legal aide previously assisting him, and that he lacks the financial resources to hire another attorney. Filing No. 36. Upon careful consideration and given the serious nature of Petitioner's convictions and sentences, the Court will grant Petitioner's motions for replacement counsel and will appoint counsel to assist Petitioner in filing his supplemental brief and presenting all of Petitioner's habeas claims to this Court.

Because the Court has granted Petitioner's requests for appointment of counsel, the Court will also grant Petitioner's Motion for Extension of Time to File Petitioner's Supplemental Brief. Filing No. 35. The deadline for the filing of Petitioner's supplemental brief will be extended and set for a date certain after Petitioner's counsel and counsel for Respondent have an opportunity to confer and agree on a suitable progression of this matter, including the time needed to complete supplemental briefing.

Lastly, in his Motion to Amend, Filing No. 38, and Motion to Extend Time to File Amended Petition, Filing No. 39, Petitioner seeks to add unspecified "cognizable claims" and asserts that a "miscarriage of justice" will result if he is not allowed to present these claims. Filing No. 38. As far as the Court can tell, the claims Petitioner alleged Mr. McGough failed to present or argue to the Court are contained in either the Petition, Filing No. 1, Amended Petition, Filing No. 18, or both. *See* Filing No. 30 at 1–2, ¶ 2 (listing claims Mr. McGough failed to argue in Petitioner's brief). However, out of an abundance of caution, the Court will grant Petitioner's Motion to Amend and related motion for extension to the extent that Petitioner is given leave to file an amended

4

habeas petition with the assistance of appointed counsel if counsel deems it appropriate.

IT IS THEREFORE ORDERED that:

1. Petitioner's motions for the appointment of counsel, Filing No. 33; Filing No. 36; Filing No. 37, are granted.

2. Petitioner's Motion to Amend, Filing No. 38, and Motion to Extend Time to File Amended Petition, Filing No. 39, are granted to the extent that Petitioner is given leave to file an amended habeas petition with the assistance of appointed counsel if counsel deems amendment appropriate.

3. Petitioner's Motion for Extension of Time to File Supplemental Brief, Filing No. 35, is granted, and the deadline for submission of Petitioner's supplemental brief will be set after the parties have conferred and agreed upon a suitable progression as set forth below.

4. Andrew Hilger is appointed to represent Petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B).[1]

5. Andrew Hilger is directed to promptly enter his appearance on Petitioner's behalf.

6. No later than **October 9, 2024**, counsel for Respondent and counsel for Petitioner shall confer and file a joint motion suggesting a suitable progression of this case. The Court will enter an order progressing this case to disposition following the filing of the joint motion.

---

[1] Section 3006A(a)(2)(B) provides: "Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who— . . . is seeking relief under section 2241, 2254, or 2255 of title 28."

7. The Federal Public Defender is directed to provide Andrew Hilger with a CJA voucher in his capacity as administrator of the Criminal Justice Act panel.

8. The Clerk of the Court is directed to send a copy of this Memorandum and Order to the Federal Public Defender, Andrew Hilger, and all other parties who receive notice of filings in this case.

9. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **October 9, 2024**: check for joint progression motion.

Dated this 9th day of September, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge