IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRELL NEWMAN,<br><br>          Petitioner,<br><br>    vs.<br><br>ROB JEFFREYS,<br><br>          Respondent. | **8:22CV22**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Motion for Leave to Withdraw filed by Petitioner's appointed counsel, Andrew J. Hilger. Filing No. 48. For the reasons that follow, the Court will grant Mr. Hilger leave to withdraw, will not appoint any replacement counsel, and will progress this matter to final disposition.

## I. BACKGROUND

Petitioner filed his Petition on January 19, 2022, challenging his convictions for two counts of first degree murder, three counts of use of a deadly weapon to commit a felony, attempted intentional manslaughter, and possession of a deadly weapon by a prohibited person for which he received, inter alia, consecutive terms of life imprisonment. Filing No. 1; *see also* Filing No. 20 at 1, ¶¶ 2–3. Petitioner initially retained Jim McGough as counsel to represent him in this habeas proceeding, Filing No. 10; Filing No. 30 at 1, ¶ 1, and Mr. McGough, on behalf of Petitioner, filed an Amended Petition, Filing No. 18, and a brief, Filing No. 25, in response to Respondent's answer, Filing No. 20, and supporting brief, Filing No. 21. The parties' briefing was completed on December 8, 2022. On November 17, 2023, Petitioner filed a pro se Motion for Leave to File Replacement or Supplemental Brief ("Motion to File Brief")

asserting that Mr. McGough had abandoned some of Petitioner's habeas claims in Petitioner's brief without Petitioner's prior approval and seeking leave to file a replacement or supplemental brief in support of his habeas claims. Filing No. 30. On December 4, 2023, Mr. McGough filed a motion to withdraw stating there had been a breakdown of the attorney-client relationship necessitating his withdrawal and cited to Petitioner's pro se Motion to File Brief as evidence of this breakdown. Filing No. 31. The Court granted Mr. McGough's motion to withdraw on December 15, 2023, and also granted Petitioner leave to file a supplemental brief within 30 days. Filing No. 32.

On December 18, 2023, Petitioner filed an Objection and Motion to Deny Withdrawal of Counsel asking the Court to deny Mr. McGough's motion to withdraw or, alternatively, if the Court permitted Mr. McGough to withdraw, asking the Court to appoint the Federal Public Defender as replacement counsel. Filing No. 33; *see also* Filing No. 36; Filing No. 37. Respondent filed a brief in opposition to Petitioner's request for replacement counsel. Filing No. 34. Petitioner also filed a Motion to Amend his habeas petition to "set forth cognizable claims" but did not identify what claims he sought to bring. Filing No. 38.

On September 9, 2024, the Court granted Petitioner's motions for replacement counsel and appointed Mr. Hilger to "assist Petitioner in filing his supplemental brief and presenting all of Petitioner's habeas claims to this Court." Filing No. 41 at 4. On November 4, 2024, the Court granted the Unopposed Motion for Revised Progression Order, Filing No. 46, filed by Mr. Hilger and gave Petitioner until December 2, 2024, to file a second amended petition through counsel. Filing No. 47. On the following day, November 5, 2024, Mr. Hilger filed the present Motion for Leave to Withdraw and stated

2

he spoke to Petitioner on the telephone on November 4, 2024, regarding the status of the recently filed motion to extend the deadline for filing Petitioner's second amended petition and told Petitioner that he would meet with him the following week. Filing No. 48 at 1. Petitioner asked Mr. Hilger to bring whatever written work he performed upon the pending second amended petition, and Mr. Hilger responded that he would bring whatever he had and ended the call. *Id*. Mr. Hilger then received a voicemail from Petitioner shortly thereafter, in which Petitioner stated the following:

> I didn't like the phone conversation that we had earlier. You're playing with my motherfucking life and liberty.
>
> If you come down here Tuesday, I'm going to do something bad to you. I'm going to kill your motherfucking ass. I'm going to stab the shit out you. So don't even come and see me.

*Id*. at 2. Mr. Hilger, thus, filed his request for leave to withdraw as Petitioner's "threat of lethal violence against the undersigned counsel suggests if not establishes constructive discharge and that withdrawal is mandatory under the Nebraska Rules of Professional Conduct" and "has rendered the undersigned's continued representation unreasonably difficult." *Id*. Unlike when his retained counsel moved to withdraw, Petitioner has not filed any pro se response to Mr. Hilger's motion.

## II. DISCUSSION

When the Court exercised its discretion to appoint Mr. Hilger as replacement counsel for Petitioner on September 9, 2024, the Court did so out of an abundance of caution in light of the serious nature of Petitioner's convictions and sentences and Petitioner's concerns that not all his habeas claims had been properly presented to the Court. However, instead of working with Mr. Hilger in his efforts to present Petitioner's habeas claims through an amended petition, Petitioner threatened the health and safety

3

of his appointed counsel. Such conduct cannot be tolerated, and the Court will, therefore, grant Mr. Hilger leave to withdraw as counsel.

The Court further finds that Petitioner's intolerable conduct does not warrant the appointment of successive replacement counsel. Petitioner has had the benefit of assistance from both retained counsel and appointed counsel in litigating this habeas action and, frankly, has affirmatively chosen to forgo that benefit by rejecting counsel's offered assistance and threatening violence. As Respondent previously pointed out, Petitioner has shown through his pro se filings that he has the ability to articulate his claims and, in fact, suggests that he believes he is more knowledgeable than counsel. Filing No. 34 at 2 (citing Filing No. 30; Filing No. 33). This case was pending for disposition for nearly a year before Petitioner even complained about counsel. As such, the Court finds that the appointment of successive replacement counsel is unwarranted and unnecessary.

To progress this matter to final disposition, the Court will grant Petitioner 30 days from the date of this Memorandum and Order to file supplemental briefing in support of the habeas claims Petitioner believes his first attorney abandoned, *see* Filing No. 30. While the Court had granted Petitioner "leave to file an amended petition with the assistance of appointed counsel if counsel deems it appropriate," the Court did so only out of caution and because counsel had been appointed. Filing No. 41 at 4–5. Petitioner never specified what "cognizable claims" he sought to add in amending his petition, *see* Filing No. 38, and, by all indications, the claims Petitioner alleged his retained counsel, Mr. McGough, failed to present or argue to the Court are contained in either the Petition, Filing No. 1, Amended Petition, Filing No. 18, or both. *See* Filing No.

4

30 at 1–2, ¶ 2 (listing claims Mr. McGough failed to argue in Petitioner's brief). Thus, the Court finds that Petitioner has failed to establish that additional amendment of his habeas petition is necessary. Rather, in his supplemental briefing, Petitioner may present any argument he wishes to in favor of his habeas claims contained in his pro se Petition, Filing No. 1, and the Amended Petition, Filing No. 18. Accordingly,

IT IS ORDERED that;

1. The Motion for Leave to Withdraw, Filing No. 48, filed by Mr. Hilger is granted. Mr. Hilger is removed as counsel of record for Petitioner.

2. No replacement counsel shall be appointed.

3. Petitioner shall have until **May 23, 2025**, to file a supplemental brief addressing his habeas claims contained in the Petition, Filing No. 1, and the Amended Petition, Filing No. 18.

4. Respondent shall have 30 days after Petitioner's brief is filed to file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

5. If Petitioner fails to file a supplemental brief or request an extension of time to file such brief by the May 23, 2025, deadline, the Court will consider this matter ripe for disposition on the existing pleadings and briefing.

6. The Clerk of Court is directed to set a pro se case management deadline using the following text: **May 23, 2025**: check for Petitioner's supplemental brief.

Dated this 23rd day of April, 2025.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge