IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TERRELL NEWMAN,

                Petitioner,

      vs.

ROB JEFFREYS,

                Respondent.

**8:22CV22**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion to Continue filed on May 9, 2025. Filing No. 50. Upon consideration, the Court will grant Petitioner's Motion as set forth below.

On April 23, 2025, the Court granted Petitioner until May 23, 2025, to file supplemental briefing in support of his habeas claims contained in his pro se Petition, Filing No. 1, and the Amended Petition, Filing No. 18, but specifically found that "Petitioner ha[d] failed to establish that additional amendment of his habeas petition is necessary" as he "never specified what 'cognizable claims' he sought to add in amending his petition, *see* Filing No. 38." Filing No. 49 at 4–5. Petitioner now requests an extension of time from May 23, 2025, to August 23, 2025, to file his "final Amended Petition" because he has "more cognizable claims of ineffective assistance of counsel to establish actual innocence in the interest of justice as to ensure fundamental fairness; and a miscarriage of justice will occur if the motion is not granted." Filing No. 50 (capitalization omitted).

Unlike his previous motion to amend his petition, *see* Filing No. 38, Petitioner specifies that he seeks to raise additional ineffective assistance of counsel claims.

Upon consideration, and there being no objection from Respondent, the Court will, out of an abundance of caution, grant Petitioner's Motion to Continue and give Petitioner until **Monday, August 25, 2025**, to file either an amended petition or supplemental briefing as set forth in the Court's April 23, 2025, Memorandum and Order.  If Petitioner chooses to file an amended petition, then he must set forth all his claims for relief in the amended petition, including those claims he wishes to include from the Petition, Filing No. 1, and the Amended Petition, Filing No. 18.  Failure to consolidate all claims into one document may result in the abandonment of claims.

Petitioner is warned that **no further extensions shall be granted**.  In granting this extension, the Court has considered Petitioner's correspondence dated April 28, 2025, Filing No. 51, in which he represents that he has been placed in "the hole" and is being denied access to his legal work.  The Court declines to "order a hearing for better placement" as Petitioner requests, *Id*., and finds that the length of the extension should be sufficient for Petitioner to re-obtain access to his legal work, particularly given that Petitioner did not reiterate any of the same concerns from his letter in his later-filed Motion to Continue, *see* Filing No. 50.

IT IS THEREFORE ORDERED that:

1.    Petitioner's Motion to Continue, Filing No. 50, is granted. Petitioner shall have until **August 25, 2025**, to file either an amended petition or a supplemental brief addressing his habeas claims contained in the Petition, Filing No. 1, and the Amended Petition, Filing No. 18, as set forth in this Memorandum and Order.  **No further extensions shall be granted**.

2

2.      The Court will set a deadline for Respondent's response after Petitioner files his amended petition or brief.

3.      If Petitioner fails to file an amended petition or supplemental brief by the August 25, 2025, deadline, the Court will consider this matter ripe for disposition on the existing pleadings and briefing.

4.      The Clerk of Court is directed to set a pro se case management deadline using the following text: **August 25, 2025**: deadline for Petitioner's amended petition or supplemental brief.

Dated this 27th day of May, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge