IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRELL NEWMAN,<br><br>               Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>               Respondent. | 8:22CV22<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on several motions and amended habeas petitions filed by Petitioner Terrell Newman. For the reasons that follow, the Court will grant Petitioner's requests to treat his amended petition filed on August 20, 2025, Filing No. 61, as the operative petition and will progress this matter to final resolution.

## I. PETITIONER'S MOTIONS

### A. Relevant Procedural Background

      On May 27, 2025, the Court granted Petitioner's Motion to Continue, Filing No. 50, filed on May 9, 2025, and granted Petitioner an extension of time to August 25, 2025, to file either an amended petition or supplemental briefing. Filing No. 53. Later on May 27, 2025, Petitioner filed an amended petition (the "First Petition"), Filing No. 54, followed by two supplements filed on June 2, 2025, Filing No. 55; Filing No. 56. On June 23, 2025, Petitioner filed a "Motion to Inform," Filing No. 58, followed by a corrected Motion to Inform, Filing No. 59, on June 24, 2025, notifying the Court that he had filed the First Petition "[o]ut of an abundance of caution due to the filing deadline while waiting for the Motion to Continue response" and asking the Court to disregard the

First Petition because Petitioner intended to file a new amended petition by the August 25, 2025, deadline, *Id*. at 1 (capitalization altered).

Petitioner filed a second amended petition (the "Second Petition"), Filing No. 60, on July 28, 2025. Before the Court took any action on the Second Petition, Petitioner filed another amended petition (the "Third Petition"), Filing No. 61, on August 20, 2025. With his Third Petition, Petitioner filed another Motion to Inform, Filing No. 62, asking the Court to disregard both the First Petition and Second Petition and indicating that the Third Petition is Petitioner's "Final Amended Habeas Corpus Petition." *Id*. Petitioner also filed a Motion to Extend Time to File State Records, Filing No. 63, asking for a 30-day extension to file state records as attachments in support of the Third Petition.

Between August 27, 2025, and September 5, 2025, Petitioner filed four motions in quick succession. Filing Nos. 64–67. In the first motion dated August 21, 2025, Petitioner asked the Court to disregard Grounds 7, 9, 10, and 11 of the Third Petition. Filing No. 64. In the next motion dated August 22, 2025, Petitioner asked for leave to file a new amended petition (the "Fourth Petition"), which he attached to the motion, *see* Filing No. 66-1, and that the Court disregard the three previously filed petitions. Filing No. 66. However, shortly after submitting his proposed Fourth Petition, Petitioner "had a change of heart" and asked the Court, in a motion dated August 25, 2025, to consider the Third Petition filed on August 20, 2025, as his final amended petition and to disregard the First, Second, and Fourth Petitions. Filing No. 65. Petitioner then submitted another Motion to Inform dated August 29, 2025, and filed on September 5, 2025, in which he reiterated that he wished the Court to consider the Third Petition as the final amended petition. Filing No. 67.

On October 20, 2025, Petitioner filed a Motion to Consider Requested Petition, Filing No. 68, in which he asked the Court to consider and adjudicate all eleven claims in the Third Petition and to disregard the other three amended petitions filed by Petitioner. Petitioner also filed a Motion for Speedy Relief asking the Court "for speedy relief/adjudication from unlawful custody/imprisonment on the merits of petition in a timely fashion." Filing No. 69.

**B. Discussion**

As the procedural background above demonstrates, the main takeaway from Petitioner's various motions is that he seeks to have the Third Petition filed on August 20, 2025, Filing No. 61, considered the operative petition and for the Court to adjudicate all eleven grounds raised in the Third Petition. Upon consideration, the Court will grant Petitioner's request and will treat the Third Petition, Filing No. 61, as the operative petition in this case. To that end, Petitioner's Motions to Inform filed on September 2, 2025, Filing No. 65, and September 5, 2025, Filing No. 67, and his Motion to Consider Requested Petition, Filing No. 68, are granted, and his other Motions to Inform, Filing No. 58; Filing No. 59; Filing No. 62; Filing No. 64, and motion to amend, Filing No. 66, are denied as moot.

With respect to Petitioner's Motion for Speedy Relief, Filing No. 69, the Court will grant Petitioner's motion to the extent that the Court will progress this matter to final resolution and issue a ruling on Petitioner's Third Petition in its normal course of business after Respondent is given an opportunity to respond to the Third Petition as set forth below.

Regarding Petitioner's Motion to Extend Time to File State Records, Filing No. 63, the Court is unsure what state court records Petitioner seeks to file as attachments to his Third Petition. With the Third Petition, Petitioner included copies of his state court motion to suppress identification and brief in support of motion for new trial, the Nebraska Supreme Court's opinion in his direct appeal, and affidavits from Terry Terrell, Che Olson, and Petitioner himself. Filing No. 61 at 83–109. Since the filing of his Third Petition, Petitioner has not submitted any additional state court records. Moreover, in responding to the Third Petition, Respondent will be given an opportunity to submit any additional state court records relevant to the claims Petitioner asserts in his Third Petition. Accordingly, the Court will deny Petitioner's Motion to Extend Time to File State Records without prejudice.

## II. REVIEW OF OPERATIVE PETITION AND CASE PROGRESSION

The Court now reviews Petitioner's Third Petition to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One: Appellate counsel was ineffective in failing to claim on direct appeal that trial counsel was ineffective for claiming the photo lineup was the direct result (i.e., the fruit of the poisonous tree) of Petitioner's unlawful arrest, which argument prejudiced Petitioner's claim that the police employed unduly suggestive photo lineups to elicit an identification of Petitioner at trial.

| | |
|---|---|
| Claim Two: | The trial court erred when it admitted into evidence a cell phone chart that was more prejudicial than probative and usurped the jury's role. |
| Claim Three: | Appellate counsel was ineffective by failing to raise on direct appeal trial counsel's ineffective assistance for failing to suppress Detective Schneider's testimony about cell phone evidence presented in violation of Petitioner's rights under the Confrontation Clause. |
| Claim Four: | Petitioner was denied a fair trial and his right of confrontation when the trial court improperly limited the scope of cross-examination of Gutierrez and prevented counsel from attacking Gutierrez's credibility by inquiring into specific instances of conduct. |
| Claim Five: | Trial counsel was ineffective by failing to adequately investigate Petitioner's alibi defense, including failing to interview, depose, or subpoena potential witnesses. |
| Claim Six: | Petitioner's trial and appellate counsel were ineffective for failing to request additional DNA testing of the crime scene and object to, or assign as error, the presentation of inconclusive DNA testing results to the jury. |
| Claim Seven: | Trial counsel was ineffective by failing to object to jury instructions 5, 11, and 12. |

| | |
|---|---|
| Claim Eight: | The trial court erred in denying Petitioner's motion for mistrial and request for a new jury venire after a prospective juror made inflammatory statements during voir dire. |
| Claim Nine: | The trial court erred when it denied Petitioner's motion for a new trial due to juror misconduct. |
| Claim Ten: | The trial court erred when it denied Petitioner's motion to reopen evidence on his motion for new trial. |
| Claim Eleven: | Trial counsel was ineffective by failing to introduce Che Olson's affidavit or testimony at the hearing on Petitioner's motion for a new trial. |

The Court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motions to Inform filed on September 2, 2025, Filing No. 65, and September 5, 2025, Filing No. 67, and his Motion to Consider Requested Petition, Filing No. 68, are granted, and the Court will consider the Third Petition, Filing No. 61, as the operative petition in this case.

2. Petitioner's remaining Motions to Inform, Filing No. 58; Filing No. 59; Filing No. 62; Filing No. 64, and motion to amend, Filing No. 66, are denied as moot.

3. Petitioner's Motion to Extend Time to File State Records, Filing No. 63, is denied without prejudice.

4. Petitioner's Motion for Speedy Relief, Filing No. 69, is granted to the extent that the Court will progress this matter to final resolution as set forth below and issue a ruling on Petitioner's Third Petition in its normal course of business.

5. Respondent shall have until **December 29, 2025**, to file a "Supplemental Designation of State Court Records in Support of Answer" containing any additional state records relevant to the claims in Petitioner's operative amended petition, Filing No. 61, as they are set forth in this Memorandum and Order, if any such records exist and are not already contained in the Designation of State Court Records, Filing No. 11, previously filed.

6. Respondent also shall have until **December 29, 2025**, to file and serve an amended answer and supporting brief addressing Petitioner's claims, as they are set forth in this Memorandum and Order, in accordance with the procedures set forth in the Court's original progression order. See Filing No. 8 at 5.

7. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

8. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

9. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **December 29, 2025**: check for Respondent's supplemental designation, answer, and brief.

Dated this 10th day of November, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge