IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TERRELL NEWMAN,

                          Petitioner,

          vs.

ROB JEFFREYS,

                          Respondent.

8:22CV22

MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion to Stay, Filing No. 73, two motions objecting to Respondent's brief in opposition to the Motion to Stay, Filing No. 78; Filing No. 79, and "Motion to Equitable Toll," Filing No. 80.  Also before the Court are Respondent's two Motions to Inform, Filing No. 81; Filing No. 84, which, upon consideration, the Court will grant and consider in addressing Petitioner's Motion to Stay.  For the reasons that follow, the Court will deny Petitioner's Motion to Stay, his objections, and "Motion to Equitable Toll" and progress this matter to final resolution.

## I.  BACKGROUND

On November 10, 2025, this Court determined that Petitioner's Third Petition filed on August 20, 2025, Filing No. 61, was the operative petition and, after reviewing the Third Petition, directed Respondent to file a response by December 29, 2025.  Filing No. 70.  The Court later granted Respondent an extension of time to January 29, 2026, to file and serve his amended answer and brief in response to the Third Petition.  Filing No. 71; Filing No. 72, Text Order.

On January 13, 2026, Petitioner filed his Motion to Stay these proceedings due to a pending state postconviction proceeding challenging the same judgment at issue in

his habeas petition. Filing No. 73. Respondent filed a brief in opposition to the Motion to Stay on January 26, 2026, Filing No. 74, with a supporting index of evidence, Filing No. 75, which showed that Petitioner filed a successive postconviction motion in the District Court of Douglas County, Nebraska, on January 15, 2026, *see* Filing No. 75-1. Also on January 26, 2026, Respondent sought an extension of time to file his amended answer and supporting brief in response to the Third Petition to 30 days after the Court rules on Petitioner's Motion to Stay. Filing No. 76. The Court granted Respondent's request and gave Petitioner until February 9, 2026, to file a reply brief regarding his Motion to Stay. Filing No. 77. Petitioner then filed his two motions objecting to Respondent's brief in opposition to the Motion to Stay on February 6 and February 13, 2026, respectively. Filing No. 78; Filing No. 79. Subsequently, on April 10, 2026, Petitioner filed his "Motion to Equitable Toll," asking the Court to equitably toll this habeas proceeding. Filing No. 80.

Respondent then filed his first Motion to Inform on April 29, 2026, Filing No. 81, informing the Court that the state district court denied and dismissed Petitioner's successive motion for postconviction relief on March 10, 2026, *see* Filing No. 82-1, and Petitioner had not appealed that order to the Nebraska appellate courts, *see* Filing No. 82-2 at 7. On May 26, 2026, Petitioner filed a notice informing the Court that he filed an appeal of the state district court's order denying his successive postconviction motion on May 19, 2026. Filing No. 83. On June 24, 2026, Respondent filed his second Motion to Inform, Filing No. 84, and advised that the Nebraska Supreme Court dismissed Petitioner's appeal for lack of jurisdiction on June 17, 2026, *see* Filing No. 85-1.

2

## II.  DISCUSSION

As an initial matter, Petitioner filed two motions objecting to Respondent's brief in opposition to his Motion to Stay after the Court had directed him to file a reply brief in response to Respondent's brief.  *See* Filing Nos. 77, 78, & 79.  However, the Court's local rules prohibit the filing of an objection to a motion.  Rather a party must file a "brief that concisely states the reasons for opposing the motion and cites to supporting authority."  NECivR 7.1(b)(1)(A).  Accordingly, the Court will deny Petitioner's two objection motions and will consider the motions together as Petitioner's reply brief.

In his Motion to Stay, Petitioner asks the Court to stay this habeas proceeding so that he can exhaust his state court remedies with respect to his successive motion for postconviction relief filed on January 15, 2026, in state court.  Filing No. 73.  As the background discussion above indicates, the state district court denied Petitioner's successive postconviction motion on March 10, 2026, and the Nebraska Supreme Court dismissed Petitioner's appeal of that decision on June 17, 2026.  A further review of Petitioner's state court records, available to this Court online, shows that the Nebraska Supreme Court entered its mandate on Petitioner's appeal on July 7, 2026.[1]  The Court notes that Petitioner filed a second appeal of the denial of his successive postconviction motion on June 29, 2026, which is identical to his first appeal, which remains pending as of the date of this order.  *Compare* Filing No. 83 at 2, *with* attached June 29, 2026, Notice of Appeal.

---

[1] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts.  The Court takes judicial notice of the state court records related to this case in *State v. Terrell E Newman*, Case No. CR13-426, District Court of Douglas County, Nebraska.  *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).  Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi, and relevant records are attached to this order.

3

When a "mixed petition" is filed—meaning that "some claims have been fully exhausted in state court and others have not," *White v. Dingle*, 616 F.3d 844, 846 (8th Cir. 2010)—a petitioner may seek to stay federal review of their petition under *Rhines v. Weber*, 544 U.S. 269 (2005), which allows a federal habeas court to stay the petition to allow a petitioner to present his unexhausted claims to the state court and then to return to federal court for review.  Under *Rhines*, a stay may only be granted if (1) the petitioner had good cause for failing to exhaust the previously unexhausted claims in state court, (2) the unexhausted claims are potentially meritorious, and (3) and the petitioner did not intentionally engage in dilatory tactics.  544 U.S. at 278.  However, where a petition contains exhausted and unexhausted claims, courts do not have to stay the federal habeas proceedings if any attempt to exhaust the otherwise unexhausted claims in the state courts is "futile."  *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

Here, Petitioner's proceedings related to his successive postconviction motion have concluded in the state district court, and the Nebraska Supreme Court dismissed Petitioner's initial appeal and entered its mandate.  While Petitioner has filed a second identical appeal of the state district court's order denying his successive postconviction motion, the Court concludes such appeal is clearly untimely and, thus, futile.  *See* Neb. Rev. Stat. § 25-1912(1) (notice of appeal must be filed in district court within 30 days after entry of judgment or final order).  Under these circumstances, the Court finds a *Rhines* stay is unnecessary and inappropriate and will deny Petitioner's Motion to Stay.

Finally in his "Motion to Equitable Toll," Petitioner asks the Court to equitably toll this habeas proceeding "according to the equities of this particular case to mitigate the

4

unfairness ascribable to the time table that's left on petitioner['s] timeline to pursue exhaustion of cognizable claims in state court proceedings." Filing No. 80. The Court is uncertain as to precisely what relief Petitioner seeks in this motion. Equitable tolling only applies in the federal habeas context to avoid the procedural bar of the statute of limitations, which is not at issue here. See *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). To the extent Petitioner's "Motion to Equitable Toll" seeks a stay of these proceedings, it is denied for the same reasons as his Motion to Stay.

As the Court has determined that a stay of this matter is not warranted, the Court will progress this matter to final resolution.

IT IS THEREFORE ORDERED that:

1.      Petitioner's Motion to Stay, Filing No. 73, and "Motion to Equitable Toll," Filing No. 80, are denied.

2.      Petitioner's two objection motions, Filing No. 78; Filing No. 79, are denied, and the Clerk of Court is directed to update the docket text for Filing Nos. 78 and 79 to reflect that the Court will treat the documents as "Petitioner's Reply Brief in Response to Respondent's Brief in Opposition to Petitioner's Motion to Stay."

3.      Respondent's Motions to Inform, Filing No. 81; Filing No. 84, are granted to the extent the Court has considered the information in the Motions in ruling on Petitioner's Motion to Stay.

4.      Respondent shall have until **August 17, 2026**, to file an amended answer, supporting brief, and any additional relevant state records in response to the claims in

Petitioner's operative amended Third Petition, Filing No. 61, in accordance with the Court's previous November 10, 2025, Memorandum and Order, Filing No. 70.

5.      No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response.  Petitioner must not submit any other documents unless directed to do so by the Court.

6.      No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

7.      The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **August 17, 2026**: check for Respondent's supplemental designation, answer, and brief.


    Dated this 17th day of July, 2026.


                                        BY THE COURT:

                                        Joseph F. Bataillon
                                        Senior United States District Judge